D. ROSENTHAL, *Appellant,* v. FIRST NATIONAL FIRE INSURANCE COMPANY OF THE UNITED STATES, A CORPORATION, *Appellee.*

## Opinion Filed November 26, 1917.

1. Where because of fraud or mutual mistake a policy of fire insurance does not express the contract entered into by the parties, a court of equity may reform the policy so that it shall express the contract intended to be made, and in the same suit may enforce the obligations of the policy. Unless the complainant by appropriate allegations and proofs shows that he is entitled to have the policy reformed, the policy cannot properly be enforced in the equity suit and the bill should be dismissed.

2. In reforming a policy of insurance, like that of any other written contract, the want of conformity to the agreement of the parties must be occasioned by a mistake which is mutual and common to both parties to the instrument. A mistake on one side may be a ground for rescinding, but not for reforming, the contract, where the minds of the parties have not met, there is no contract, and hence none to be rectified.

3. An insurance policy as issued and accepted is *prima facie* the contract of the parties; and in order to have it reformed, the burden is on the plaintiff to show that a different contract was entered into from that which was reduced to writing, and this fact must be proved by clear, convincing and satisfactory evidence, not alone by a preponderance of the evidence, but he must establish the fact by such evidence as to show conclusively that a mistake had been made, that such mistake was mutual to both parties, and to satisfy the court of such mistake beyond a reasonable doubt.

4. In a suit for the reformation of a written instrument, when the evidence is conflicting and the finding of the chancellor thereon does not clearly appear to be erroneous, it will not be disturbed on appeal.

Appeal from Circuit Court for Hillsborough County, F. M. Robles, Judge.

Decree affirmed.

*H. S. Hampton* and *F. J. Hampton,* for Appellant;

*Knight, Thompson & Turner,* for Appellee.

WHITFIELD, J.—On July 12, 1915, D. Rosenthal filed a bill of complaint against the insurance company in which it is alleged that on April 6, 1915, complainant "had a two-story frame building with a shingled roof, which building was the property of your orator, together with a certain stock of merchandise and certain store furniture and fixtures located therein; said building being located at 909 South Lafayette Street and situated upon the following described property in Hillsborough County, to-wit: Beginning at the Northeast corner of Lot One (1)

of Block Fifteen (15) of Drew's Subdivision, according to plat recorded in Plat Book 'K,' at page 534, run thence West Thirty (30) feet, thence South to Alley, thence East Thirty (30) feet along said Alley, thence North to beginning; said building being placed upon said lot under and in pursuance of a certain lease made by E. L. Lesley to your orator, dated September 15th, A. D. 1911, a true copy of said lease being hereto attached to this bill of complaint as a part hereof; and on said date the legal title to the land on which said building stood was in the name of the said E. L. Lesley, recorded in Hillsborough County, Florida, and your orator had the authority and option, reserved by said lease upon the termination of the same to remove said building in case the party of the first part, upon the termination of said lease did not desire to purchase the same, and on said date said defendant through its agents in the City of Tampa, Messrs. Hatton Bros., well knowing the condition of your orator's title, and well knowing that he owned said building but did not own the land on which it stood, for a premium of $60.00 then and there issued its certain policy of insurance at that date by which the insurable value of said building was fixed at $500.00, the stock of merchandise at $2,000.00 and the store furniture and fixtures at $500.00, and said policy after the payment of the premium by your orator was mailed to your orator, and your orator relying upon the good faith of the agents and of the company placed said policy in the same envelope in his said safe; that your orator, through Hatton Bros., the agents of the defendant, had for a period of three years or more, each year in the same manner, insured said building, stock and fixtures and has regularly paid the premium thereon; that said agents had had notice for more than three years that your

orator owned the building but did not own the land and always sent your orator what appeared to him the same form of policy and as your orator has no knowledge of insurance matters, and relying upon the good faith of defendant's local agents, premiums were regularly collected from him each year by Hatton Bros., for the respective insurance companies and no question was raised as to the character and extent of your orator's title until hereinafter set forth; that said business originally belonged to R. Rosenthal prior to her death, and that said R. Rosenthal was the wife of your orator, and after her death said business was continued in the same name, your oartor having the trade name of R. Rosenthal & Son, all of which was well known to defendant's agents and said policy was issued in the same manner; that on the 4th day of May, 1915, in the afternoon of said day, said property was destroyed or damaged by a fire originating without the knowledge or connivance of your orator and said property was damaged or destroyed as follows: Said building was a total loss and the value of $500.00; said stock of mechandise was damaged in the sum of $2,000.00 and said fixtures were damaged and destroyed in the sum of $500.00. That your orator thereupon, within the time fixed by the policy made out and tendered to said defendant his proof of loss in the form provided by the defendant, whereupon the defendant duly caused to visit your orator an adjuster, who, after ascertaining all the facts in the case, pretended to adjust the loss of your orator, but, although payment thereof has been demanded and your orator has done all things necessary and required on his part to be done and performed and all things that have been requested of him by the defendant, yet said defendant fails and refuses to pay said policy of insurance and the amount of said loss and dam-

age because and on account of the fact that the defendant claims that in and by said policy it is provided that said policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void if the subject of insurance be a building on ground not owned by the insured in fee simple, and that there was no such agreement endorsed on said policy or added thereto waiving said clause; that at the time of the execution of said policy and at the time of the issuance of the same the condition of your orator's title was well known to defendant's agents and was known to them at the time of receiving premium for said policy and had been known to them for a period of three years or more, during which time yearly premiums have been collected from your orator and no objection made to the title and the fact that such a clause was inserted in the policy or policies of your orator theretofore was unknown to him; that said clause was embraced in the policy in fine print and unless special attention was called thereto would scarcely be noticed by the average person unacquainted with insurance business; that the defendant issued said policy not with the understanding and agreement that your orator was the sole and unconditional owner of the property insured, but that the same was upon leased land; that your orator thought and believed that the insurance policy provided for and allowed the existence of said building upon leased property; that through mistake and error upon the part of the defendant's agents, there was no endorsement made upon said policy or attached thereto, and there was no written agreement thereof or added thereto by which the said building and property therein could be insured on leased land; that your orator is not familiar with policies and the insurance business, did not read the policy or examine the

same and would not have understood the terms and provisions of said policy if he had read it, as the said insurance policy is couched in numerous and divers technical terms and provisions in fine print, which said terms and provisions are in many instances difficult of construction by the court; that your orator did not notice that said policy had no endorsement permitting the existence of his property upon leased land, did not read it and observe that it had a provision rendering the policy void under such circumstances, and your orator is wholly ignorant of the language of such provisions and by inadvertence, accident and mistake of defendant's agents and your orator's said endorsement was left off of said policy and no agreement thereto was added authorizing the issuance of insurance on said property on leased premises; that defendant by reason of the knowledge of the condition of the title and by the issuance of the policy and acceptance of the premium is estopped from setting up said defense and has waived said defense; that your orator relied upon and believed that his said policy was issued in accordance with the agreement of the parties and so believed that a proper policy had been issued him at the time of the paying of said premium, and that the same was permitted to be paid by the defndant with full knowledge; that it was the intent and agreement between the parties to issue a policy in the form as the same has been issued but upon a building and its contents, the property of your orator situated upon certain land described in this bill of complaint on which your orator had a leasehold interest." It is prayed that the policy may be reformed so as to express the true agreement of the parties and to permit the insurance of said property described therein, to-wit: said building and contents for the time; of the

value and amount and upon the conditions therein contained, save and except that said policy may be decreed to cover a two-story frame building with shingle roof, a stock of merchandise therein and certain store furniture and fixtures therein upon leased premises, and that upon such reformation in accordance with the true intent of the agreement between the parties that this honorable court will order and direct an accounting as to how much is due and owing by the defendant to your orator by virtue of said policy, and upon such accounting that the defendant may be decreed to pay the same to your orator, including a reasonable attorney's fee for your orator's solicitors and the costs of this proceeding, and for general relief. A demurrer to the bill of complaint was overruled, and by answer the defendant "denied that it did through its agents, Messrs. Hatton Brothers, issue a policy to the complainant herein, well knowing the condition of the complainant's title, and well knowing that he was not the owner of the land on which the building stood, as set forth in the complainant's bill; but states the true facts to be that it did not know, and that Hatton Brothers, its agents, had no knowledge of the fact that complainant herein was not the owner of the lot or lots, as well as the building situate upon the same, at the time the policy was issued to the complainant herein by the defendant, and was not informed on this subject until after the fire occurred in the building, on the 4th day of May, 1915.

"This defendant further answering the bill of complaint, wherein the complainant alleges that the said premises originally belonged to R. Rosenthal, who was the wife of this complainant, but after her death the said business was continued in the same name, neither admits

nor denies said allegations, but calls for strict proof of the same.

"This defendant denies the facts as set forth in the bill, in which the complainant alleges that he was trading under the firm name of R. Rosenthal & Son, which was known to the defendant's agents, when the said policy was issued.   *   *.   *

"And this defendant further answering said bill of complaint, wherein it is claimed that at the time of the execution of said policy, that the condition of the complainant's title to said property was known to defendant's agents, and that through mistake and error on the part of defendant's agents there was no endorsements made upon said policy and attached thereto, and there was no written agreement endorsed thereon, or added thereto, stating that the said building, or property therein, could be insured on leased land, denies the allegation; and states the true facts to be that the policy issued and attached to the bill of complaint herein, contained the real contract entered into by R. Rosenthal & Son, and this defendant, through its agents, Hatton Brothers; and this defendant alleges that the said defendant did not through mistake or error fail to attach any agreement that the said insurance could be had upon property now owned by R. Rosenthal & Son; but that it was the aim and purpose of said policy to be just as it is and was worded, and that the policy as written is in accordance with request of R. Rosenthal & Son, and said policy was issued, delivered and accepted by R. Rosenthal & Son, without objection, until after the fire, and that there was no mistake as to the issuance of said policy; that it was not the agreement or intention of the defendant to issue a policy upon a building located upon leased ground, but that the policy as issued and attached.

to the bill of complaint, represents the true meeting of minds between this defendant and R. Rosenthal & Son.

"This defendant further answering says that the policy in question contained an acknowledgment on the part of R. Rosenthal & Son that they were the owners in fee simple of the land upon which the building in question was located, and that said policy was issued with the understanding that R. Rosenthal & Son were the owners in fee simple of said property. The policy contained the following provision: 'The entire policy shall be void, if the subject of insurance be a building on ground not owned by the insured in fee simple.' And that the policy in question provided that if they were not the owners in fee simple of the property, then the said policy should be null and void. And this defendant says that neither R. Rosenthal & Son, nor R. Rosenthal, nor D. Rosenthal were the owners in fee simple of said land upon which the said building and contents were located. This defendant further says that it would not have issued said policy of insurance on the merchandise and fixtures had it known that the said R. Rosenthal & Son were not the owners of the land upon which the building was located. And having learned that the complainant is not the owner of said land hereby declares the policy void and tenders into court the premium of $60.00 paid on said policy." There were other allegations not essential here.

Testimony was taken before a master, and on final hearing the court decreed that "the court is of the opinion that the equities of the cause are with the defendant, and that the complainant herein has failed to sufficiently establish by the testimony the material allegations of his bill of complaint to the effect that there was a mistake made by the insurance company in writing the

policy sought to be reformed, as expressed in the bill, it is thereupon, upon consideration thereof, ordered, adjudged and decreed that the relief and prayer asked for in the bill of complaint be denied, and said bill dismissed."

On appeal taken by the complainant the errors assigned are that the court erred in rendering the decree, in denying the relief prayed, and "in ignoring the items of fixtures insured by the policy."

Where because of fraud or mutual mistake a policy of fire insurance does not express the contract entered into by the parties, a court of equity may reform the policy so that it shall express the contract intended to be made, and in the same suit may enforce the obligations of the policy. Unless the complainant by appropriate allegations and proofs show that he is entitled to have the policy reformed, the policy cannot properly be enforced in the equity suit and the bill should be dismissed.

Where by the inadvertence or otherwise a policy of fire insurance is issued contrary to the intention of the parties thereto, a court of equity may in a proper case reform the policy so as to make it express the real agreement and intention of the parties, and as so reformed to enforce the policy in order to do complete justice in the controversy. The right to the reformation of an instrument is not absolute, but depends on an equitable showing. Phoenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 South. Rep. 799; Southern States Fire Insurance Co. v. Vann, 69 Fla. 544.

In reforming a policy of insurance, like that of any other written contract, the want of conformity to the agreement of the parties must be occasioned by a mistake which is mutual and common to both parties to the instrument. A mistake on one side may be a ground for rescinding, but not for reforming, the contract, where

the minds of the parties have not met, there is no contract, and hence none to be rectified. It is also well settled that an insurance policy as issued and accepted is *prime facie* the contract of the parties; and in order to have it reformed, the burden is on the plaintiff to show that a different contract was entered into from that which was reduced to writing, and this fact must be proved by clear, convincing and satisfactory evidence, not alone by a preponderance of the evidence but he must establish the fact by such evidence as to show conclusively that a mistake had been made, that such mistake was mutual to both parties, and to satisfy the court of such mistake beyond a reasonable doubt. Fidelity Phoenix Fire Ins. Co. of New York v. Hilliard, 65 Fla. 443, 62 South. Rep. 585; Bexley v. High Springs Bank, 73 Fla. 422, 74 South. Rep. 494.

Equity will reform a written instrument when by mistake or fraud it does not contain the true agreement of the parties; but it will only do so when it is satisfactorily made to appear that a mistake has been made or a fraud committed for the writing should be deemed to be the sole expositor of the intent of the parties until the contrary has been established beyond reasonable controversy; and in such a case the burden is upon the complainants to establish the facts relied on for reformation by clear and satisfactory evidence. Griffin v. Societe Anonyme La Floridienne, 53 Fla. 801, 44 South. Rep. 342; 34 Cyc. 980.

In a suit for the reformation of a written instrument, when the evidence is conflicting and the finding of the chancellor thereon does not clearly appear to be erroneous, it will not be disturbed on appeal. Robinson Point Lumber Co. v. Johnson, 63 Fla. 562, 58 South. Rep. 841.

Where the chancellor upon a consideration of the evi-

dence denies reformation, his ruling will not be disturbed unless it is clearly erroneous, particularly where the evidence is conflicting in material particulars and the complainant has not substantially carried the burden of proof imposed by law in such cases.

It is alleged "that through mistake and error on the part of the defendant's agents" the policy does not "express the true agreement of the parties," that the property insured is "upon leased premises," and reformation in this particular is prayed. The chancellor specifically states that "the complainant herein has failed to sufficiently establish by the testimony the material allegations of his bill of complaint to the effect that there was a mistake made by the insurance company in writing the policy sought to be reformed, as expressed in the bill."

A careful consideration of the evidence does not lead to the conclusion that the chancellor clearly erred in his specific finding, and in accordance with the established rule in such cases, the finding will not be disturbed by the appellate court, the testimony being conflicting and unconvincing and the burden of proof cast by law upon the complainant not being clearly sustained. Complainant not being entitled to reformation, there is no basis for relief in an equity form and the decree is affirmed without prejudice to any right of action at law the plaintiff may have.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.