JOHNSON R. TATUM et al., Appellants, v. CITY BUILDING & LOAN ASSOCIATION et al., Appellees.

Opinion Filed August 13, 1918.

Petition for Rehearing Denied November 8, 1918.

1.   Equity will reform a written instrument where because of mutual mistake it does not contain the true agreement of the parties only when the proof is full and satisfactory as to the mistake.

2   The right to the reformation of an instrument is not absolute, but depends on an equitable showing.

3.   While equity will reform a written instrument when by a mistake it does not contain the true agreement of the parties yet it will only do so when the mistake is plain and the proof full and satisfactory. The writing should be deemed to be the sole expositor of the intent of the parties until the contrary is established beyond reasonable controversy.

4.   In a suit for the reformation of a written instrument, when the evidence is conflicting and the finding of the chancellor thereon does not clearly appear to be erroneous, it will not be disturbed on appeal.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*J. J. Lunsford,* for Appellants;

*Victor H. Knight, W. C. Bigger* and *Whitaker, Himes & Whitaker,* for Appellees.

WHITFIELD, J.—Appellants brought a bill to obtain a decree for the reformation of a contract and a bond, and for incidental relief. The court denied reformation; and from a decree for the defendants the complainants appealed.

Equity will reform a written instrument where because of mutual mistake it does not contain the true agreement of the parties only when the proof is full and satisfactory as to the mistake.

The right to the reformation of an instrument is not absolute, but depends on an equitable showing.

While equity will reform a written instrument when by a mistake it does not contain the true agreement of the parties, yet it will only do so when the mistake is plain and the proof full and satisfactory. The writing should be deemed to be the sole expositor of the intent of the parties until the contrary is established beyond reasonable controversy.

In a suit for the reformation of a written instrument, when the evidence is conflicting and the finding of the chancellor therein does not clearly appear to be erroneous, it will not be disturbed on appeal. Baldwin v. Christopher, 75 Fla. 605, 79 South. Rep. 339; Rosenthal v. First Nat. Fire Ins. Co. of U. S., 74 Fla. 371, 77 South. Rep. 92; Griffin v. Societe Anonyme La Floridienne, 53 Fla. 801, 44 South. Rep. 342.

It appears that in rather extensive and complicated transactions between the Florida Investment & Security Company, and the City Building & Loan Association, J. R. Tatum, one of the complainants, being the president of the investment and security company, and secretary of the building and loan association, it developed that the investment and security company, of which J. R. Tatum was president, was embarrassed in the discharge of its obligations in which the building and loan association was interested. To meet this situation an agreement was entered into July 10, 1911, between the company as party of the first part, and the association as party of the second part, which is evidenced by a written instrument containing the following: "Know all men by these presents, that, whereas, the Florida Investment and Security Company, a corporation organized and existing under the laws of the State of Florida, with its principal

office in the City of Tampa, Hillsborough County, Florida, has for a valuable consideration assumed and agreed to pay certain mortgage indebtedness against certain property situated in the County of Hillsborough, and State of Florida, owned by the City Building and Loan Association, a corporation organized and doing business under the laws of the State of Florida, with its principal office in the City of Tampa, Hillsborough County, Florida; and, whereas, the Florida Investment and Security Company was, and is desirous of securing the performance of its agreements as aforesaid, to assume and pay said mortgages now outstanding against said property, said mortgages being as follows": (here a list of mortgages is given). * * * "Witnesseth that the party of the first part, being desirous of further securing the payment of the aforesaid mortgage indebtedness which said party of the first part assumed and agreed to pay, and in consideration of the sum of one ($1.00) dollar to it in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, and in the further consideration of the covenants and agreements hereinafter made, to be performed by the party of the second part, does hereby agree to sell, assign, transfer and set over unto the party of the second part, its successors and assigns and by these presents does sell, assign, transfer and set over unto the party of the second part, its successors and assigns all the right, title and interest of the said party of the first part, in and to the following described real estate mortgages on property therein described situated in the County of Hillsborough and State of Florida, to-wit": (here a list of the mortgages is given). * * * "And party of the first part further specifically agrees that it will pay the mortgage indebtedness hereinbefore specified as having been agreed to be paid of

party of the first part on the property hereinbefore described and owned by the City Building and Loan Association, and in the event that the securities herein transferred to party of the second part for the purpose of securing the payment of said mortgage indebtedness shall prove to be inadequate that the party of the first part will give to party of the second part such further and other securities as the nature of the case may demand."

On July 22, 1911, a bond was executed to the Building and Loan Association by J. R. Tatum as president of the investment and security company and by J. R. Tatum personally, and by others, wherein it is stipulated that "Whereas, the aforesaid Florida Investment and Security Company for a valuable consideration moving to it from the City Building and Loan Association aforesaid did on the 10th day of July, A. D. 1911, by a certain written agreement of that date specifically agree to assume and pay certain mortgage indebtedness as in said agreement described, which mortgage indebtedness in said agreement agreed to be paid by said Florida Investment and Security Company is as follows": (setting forth the mortgages). * * * "Now the condition of this obligation is such that if the above bounden Florida Investment and Security Company, its successors and assigns, or J. R. Tatum, B. B. Tatum, J. H. Tatum and S. M. Tatum, their executors or administrators, or any of them shall well and truly pay the aforesaid described mortgage indebtedness on the aforesaid described property of the City Building and Loan Association, and the interest thereon at the times and in the manner said mortgage indebtedness shall become due and payable and in full discharge of said mortgage indebtedness and interest thereon, and indemnify and save harmless the aforesaid City Building and Loan Association, its successors and assigns,

from and against any and all suits, actions, damages, costs, charges and expenses by reason of the aforesaid mortgage indebtedness, then this obligation to be void, otherwise to remain in full force and effect."

The purpose of the suit was to have the contract and bond reformed so as to eliminate mortgages which the investment and security company was not obligated to pay independent of the contract and bond, upon the theory that the contract and bond were intended to cover only such mortgages, etc., as the investment and security company were liable to pay without reference to the contract and bond. As this contention is not sustained by the terms of the instruments, and as the evidence sustains the finding of the chancellor that the facts do not justify a reformation of the written instruments as prayed, the decree appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.