124

SWEDE v. METROPOLITAN LIFE
INS. CO.*
No. 8525.

Circuit Court of Appeals, Fifth Circuit.
Jan. 25, 1938.

T. J. Blackwell and A. Y. Clement, both of Miami, Fla., for appellant.

Joseph F. McPherson, Crate D. Bowen, and Louis S. Bonsteel, all of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON and HOLMES, Circuit Judges.

*Rehearing denied Feb. 21, 1938.

HOLMES, Circuit Judge.

This appeal is from a decree, entered upon the hearing of exceptions to the master's report and final hearing, sustaining some of the exceptions and modifying the findings and denying recovery to appellant as plaintiff in the District Court.

The bill of complaint alleged that on the 18th of July, 1924, appellant made application through one of appellee's agents for a policy of life insurance in the principal amount of $5,000, with total and permanent disability benefits in the amount of $50 per month; that thereafter appellee, through its agent, informed appellant that it would accept him as an assured, but would not issue a, whole-life policy with disability benefits, as applied for, but would issue a policy on the endowment plan at age 85, with disability benefits, which modification appellant accepted; that thereafter the policy was issued under the application as modified, the premiums were paid, and the policy was delivered with a copy of the application attached thereto and incorporated therein, by reference, as a part of the contract, the application having a notation stamped thereon showing the change from "whole life with disability" to "Endowment at age 85, with disability," said application with said notation being in the exact form and language intended by appellant; that, relying upon his knowledge and belief in the honesty and reputation for fair dealing of appellee, appellant, not being versed in the technical language used in insurance policies, made only a superficial examination of the policy, and did not discover that in fact the policy did not contain any provision for total and permanent disability benefits, and said fact did not become known to him until the 18th day of April, 1932; that in May or June, 1925, appellant surrendered said policy to appellee for a change in the plan of insurance from endowment at age 85 to twenty-payment life, and said policy was changed accordingly, but that appellee did not advise appellant that no disability provisions were incorporated in the policy; that on or about the first of January, 1932, appellant became totally and permanently disabled, and thereafter submitted due proof of said fact to appellee with a claim for total and permanent disability payments in the amount of $50 per month. Thereupon, the bill prayed for a decree reforming the policy so as to include total and permanent disability benefits at $50 per month, for an accounting, and for specific performance

of the contractual obligation of appellee under the policy when so reformed.

The answer admits the application of July 18, 1924, but alleges that the issuing officers of appellee were unwilling to accept the risks in the policy applied for, but were willing to issue a policy in the endowment form aforesaid, with disability benefits, which is a rated policy in which the premium is considerably higher. It further alleges that on November 11, 1924, appellee issued the policy in the endowment form, with a disability provision, and transmitted the same to its agent for delivery to appellant, but that appellant refused to accept the policy and caused it to be returned for further modification by the elimination of said disability provision, and the change of the plan of premium payments from an annual to a semiannual basis.

The matter was referred to a master for the taking of testimony and the report of his findings and conclusions. There was much conflicting evidence, but our conclusions render a consideration of the conflicting evidence unnecessary.

The uncontradicted evidence shows that appellant's application was received at the home office of appellee in due course, but that action thereon was delayed until November 11, 1924, at which time a policy in the form of "Endowment at age 85, with disability," was authorized and issued. This policy was transmitted to the district office of appellee for delivery to appellant. Appellant declined to accept the policy, and it was returned to the district office by the soliciting agent. It was then returned to the home office by the district agent with a letter attached in which the district agent informed appellee that appellant was unwilling to take the policy as issued, but would accept it on a semiannual basis and without disability. The premium for the first period on the policy as issued, but on a semiannual basis and without disability, was remitted with the returned policy, in the amount specified in appellee's rate book for such insurance.

Being thus informed that appellant had agreed to accept a policy without disability benefits at the reduced premium, and intending to issue such a policy, the home office of appellee caused a new policy to be issued without said disability provision and on a semiannual basis. The application was indorsed to show the change, but, by inadvertence, the copy attached to the policy issued November 11th was removed therefrom and inserted in the new policy without such notation being made thereon. This same inadvertence persisted when the policy was surrendered in 1925 for the issuance of a twenty-payment life.

On the master's finding that appellant had never consented to the elimination of the disability provisions, and had believed that such protection was afforded by the policies, and that the elimination of these provisions was the result of a mutual mistake between appellant and the soliciting agent of appellee, he reported his conclusions to be that the provisions were eliminated by mutual mistake and that an equitable right to reformation accrued to appellant. The District Court, accepting the findings of the master on the testimony in so far as there was any conflict, rejected his conclusions and entered its decree denying recovery and dismissing the bill.

No fraud is alleged or shown, and it is conceded that the soliciting agent who tendered the policy first issued had no authority to bind appellee other than by delivery of the policy. Hence, no agreement he may have had with appellant would have been binding upon appellee unless ratified by it. The policies issued were the policies intended by the officers of the corporation. Whether they reflected the true intent of appellant or not, these officers never intended that appellee should be bound in any other way than as expressed in those documents. Thus the purpose of appellant is to have this court write into the contract, reformation of which is sought, a provision that one of the parties did not agree to and did not consent to have incorporated therein.

In order to support reformation, the evidence must show that the instrument is not the true expression of the agreement. It must show that the deficiency or falsity of the instrument is the result of a mutual mistake, not merely the mistake of one of the parties. It must show what the true agreement was, and that the minds of the parties actually met thereon. Britton v. Metropolitan Life Ins. Co., 165 N.C. 149, 80 S.E. 1072; By-Fi Building & Loan Ass'n v. New York Casualty Co., 116 N.J. Eq. 265, 173 A. 90; Algeo v. Employers' Indemnity Corp., 119 Kan. 186, 237 P. 879.

The policy here involved is prima facie what both of the parties intended it to be. The burden of showing its lack of verity is on the appellant, and he has

126

wholly failed to meet this burden. Rosenthal v. First National Fire Insurance Co., 74 Fla. 371, 77 So. 92; Hearne v. New England Mutual Marine Insurance Co., 20 Wall. 488, 87 U.S. 488, 22 L.Ed. 395. Instead of showing that the parties did not intend the contract issued and accepted, but did intend another and different contract, it shows conclusively that one of the parties did intend this contract, and did not agree to or intend any other.

The District Court committed no error, and its decree is affirmed.