PEARSON, Judge.
The plaintiffs who sought recovery under a policy of insurance and who were the counterdefendants to a claim for reformation of the policy appeal a final judgment reforming the policy as follows:
******
“It is ORDERED, ADJUDGED and DECREED that the policy of insurance between Gustavo E. Mustelier, Amelia C. Mustelier and Consolidated Mutual Insurance Company, being No. 1-63 4625 be and it is hereby reformed so that Paragraph (7) Amandatory [sic] Endorsement bearing form number U-464 will read as follows:
‘(7) When this endorsement is attached to Policy Forms MIC 1, 2 and 4 either alone or in combination with MIC 3, under “Special Limits of Liability” sub-item 2(d) the entire sub-item (d) is replaced by the following:
By theft for more than $250 on articles of jewelry including watches, necklaces, bracelets, gems, precious and semi-precious stones and articles of gold or platinum and articles of fur or articles containing fur which represents their principal value; except this special limit of liability shall not apply to direct loss by fire, lightning, wind *635 storm, hail, smoke explosion, riot, riot attending a strike, civil commotion, falling aircraft or other falling objects, vehicle collision, vandalism and malicious mischief, and collapse of a building.’
“Further ORDERED, ADJUDGED and DECREED that Consolidated Mutual Insurance Company’s limit of liability under Paragraph (7) of the Amenda-tory Endorsement Form U-464 as reformed shall be $500 for all articles of jewelry when the loss is caused by theft.”
The appellants are the named insured under a policy of homeowner’s insurance issued by the appellee. Their complaint claimed losses which would be covered by the policy as written in the amount of $9,000. The appellee filed a counterclaim requesting that the court reform the insurance policy to limit the company’s liability to $500 for losses due to theft of all articles of jewelry. The company asserted the right to equitable reformation of the insurance policy upon the basis that the company’s amendatory endorsements to the policy were intended to reduce its liability for theft under the policy.
On this appeal, no attack is made upon the court’s findings of fact. These findings are fully stated in the final judgment and are as follows:
‡ H< H< * s{« H4
“1. Consolidated Mutual Insurance Company issued and delivered its homeowners policy to Plaintiffs, Gustavo E. and Amelia C. Mustelier effective August 14, 1968, to August 14, 1971. Among other things, said policy covered unscheduled personal property with limits of $9,000 being designated as Coverage C.
“2. The basic policy was subject to certain forms and endorsements and in particular, Form MIC 4. Theft was a covered peril under the policy.
3. The MIC 4 form provided “Special, Limits of Liability’ under Coverage C with reference to theft of jewelry, watches, necklaces, bracelets, gems, precious and semi-precious stones and any article of gold or platinum as follows :
‘Special Limits of Liability
H< H5 sfc H4 H4 H4
2. Under Coverage C, this 'Company shall not be liable in any one loss with respect to the following named property:

(d) by theft for more than $1,000 on any single article of jewelry including watches, necklaces, bracelets, gems, previous and semi-precious stones and any article of gold or platinum or any article of fur or any article containing fur which represents its principal value.’
“Simultaneous with the writing of the policy, including MIC Form 4, Consolidated Mutual, in consideration of a 15% reduction in premium, attached an amendatory endorsement described as U-464 which formed a part of the original policy. The amendatory endorsement entitled ‘Special Florida Homeowners Form’, when attached to the policy in combination with MIC 4 Form amended the Company’s limit of liability as stated in ‘Special Limits of Liability’ and quoted above as follows:
He H4 H4 H4 H4 H4
(7) When this endorsement is attached to Policy Forms MIC 1, 2 and 4 either alone or in combination with MIC 3, under Special Limits of Liability, subsection 3d and the entire sub-item (d) is replaced by the following: By theft for more than $250 on articles of jewelry including watches, necklaces, bracelets, gems, precious and semi-precious stones and articles of gold or platinum and articles of fur which represent their principal value;
*636 “4. The provision for Special Limits of Liability in MIC 4 Form which was to be amended by Endorsement U-464, is sub-item 2(d) rather than sub-item 3(d) as stated in Endorsement U-464.
“5. The section of MIC 4 Form under ‘Special Limit of Liability’ does not contain a sub-item 3 or a sub-item 3(d). The designation in endorsement U-464 of ‘sub-item 3(d) the entire sub-item (d)’ is solely the result of a mistake on the part of Consolidated Mutual.”

The appellants urge error upon the court’s failure to dismiss the counterclaim because it did not set forth sufficient grounds for a reformation. We hold that error is presented and that the judgment must be reversed. The Supreme Court of Florida has held that a mutual mistake is necessary for the reformation of an insurance policy upon the grounds of mistake. See Rosenthal v. First Nat. Fire Ins. Co. of the United States, 74 Fla. 371, 77 So. 92 (1917). See also Continental Casualty Co. v. City of Ocala, 99 Fla. 851, 127 So. 894 (1930); 43 Am.Jur.2d Insurance § 358; 44 C.J.S. Insurance § 279.
Although the trial court based its decision upon its determination that it had ascertained the intent of the insurer and the insured, the record is devoid of any evidence that the appellants ever had any knowledge of the limitation. It is difficult to understand how the mistake made can be held to be mutual when there is no evidence to show that the policyholders were ever made aware of the intended limitation.
Accordingly, the final judgment reforming the insurance policy is reversed with directions to dismiss the counterclaim for reformation and to proceed with the cause upon the merits of appellants’ claim under the policy.
Reversed and remanded.