173 So.2d 452 (1965)
The STATE of Florida on the relation of James A. CLENDINEN, Relator,
v.
John C. DEKLE, Supervisor of Registration, Hillsborough County, et al., Respondents.
No. 33990.
Supreme Court of Florida.
March 31, 1965.
*453 Hugh C. Macfarlane and Wm. Terrell Hodges, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for relator.
W. Crosby Few, Sarasota, for John C. Dekle, Supervisor of Registration, Hillsborough County, and others.
Earl Faircloth, Atty. Gen., Fred M. Burns and Wilson Wright, Asst. Attys. Gen., Hal S. McClamma, Bartow, for Secretary of State.
Charles D. McClure, Gen. Counsel for Comptroller, for State Canvassing Board.
Joseph C. Jacobs, Tallahassee, for The Florida Bar, amicus curiae.
DREW, Chief Justice.
This is an original proceeding in mandamus[1] instituted by James A. Clendinen, a citizen, taxpayer and qualified elector of Hillsborough County, Florida, against John C. Dekle, as Supervisor of Registration of Hillsborough County, Florida; Harry McDonald, John C. Dekle, John A. Livingston, Joe Nyberg, Henry J. DiStefano, Glenn H. Barrington and Robert W. Davis, as members of the Hillsborough County Canvassing Board of Elections; Tom Adams, Secretary of State, Ray E. Green, Comptroller, and Earl Faircloth, Attorney General, as members of the State Canvassing Board. It is alleged that in the 1963 session of the Florida Legislature there was introduced and duly adopted a House Joint Resolution proposing an amendment to Article XVII of the Florida Constitution. Said Resolution, among other things, required that it be submitted to the electors of Florida at the general election in November, 1964 for ratification or rejection and that said amendment was so submitted and was set forth on the ballot of said general election as proposed constitutional amendment no. 11. It is further alleged that immediately following the said general election and in accordance with the requirement of the laws of this State, the Hillsborough County Canvassing Board of Elections canvassed the votes cast in Hillsborough County for the several offices and proposals as shown by the returns on file in the office of the Supervisor of Registration for Hillsborough *454 County and duly certified that the following was the result of the vote on said constitutional amendment no. 11, viz.:
11,423 votes in favor of the amendment 51,584 votes against the amendment.
Attached to the petition is a photostatic copy of the original of said returns verifying said results.
It is further alleged that on or about November 17, 1964 the State Canvassing Board canvassed the votes given throughout the State for the several offices and proposals and duly certified the following as the result of the statewide vote on constitutional amendment no. 11 aforesaid, viz.:
401,168 votes in favor of said amendment 432,813 votes against said amendment,
thus resulting, according to the return of the State Canvassing Board, in its failure of adoption. Attached to the petition is a certified copy of said return which verifies the above result.
The petition further alleged that, notwithstanding the certificate of the Hillsborough County Board of Elections, the true vote on said amendment as shown by the tabulation of the vote or tally sheet prepared by the Supervisor of Registration was as follows:
30,361 votes in favor of said amendment 22,336 votes against said amendment.
A photostatic copy of the original tally sheet verifying the above result is attached to and made a part of the petition. It is then alleged in the petition:
"11. Relator does not allege fraud, misconduct or error in the results as taken from the ballots or voting machines and certified from the various precincts in Hillsborough County, Florida, at the November 3, 1964, general election, nor in the vote totals for proposed Constitutional Amendment Number 11 as found on the tabulation or `tally sheet' (Exhibit C), but alleges only that a simple clerical error occurred in transferring the County-wide totals for and against proposed Amendments 9 through 13 from the `tally sheet' to the document to be certified by the Hillsborough County Canvassing Board of Elections, which error resulted in the true and correct vote for proposed Constitutional Amendment Number 12 being certified incorrectly as the vote for proposed Constitutional Amendment Number 11, which error in turn resulted in an incorrect certification by the State Canvassing Board of the state-wide result.
"12. If the vote totals herein shown to be the true result of the vote in Hillsborough County, Florida, on proposed Constitutional Amendment Number 11 in the November 3, 1964, general election were correctly certified and forwarded to the State Canvassing Board for inclusion in the state-wide result on said Amendment, and if there was a recertification of the state-wide vote by the State Canvassing Board, the result would be changed and proposed Constitutional Amendment Number 11 would stand adopted by the electorate of the State of Florida voting in the November 3, 1964, general election, the true state-wide vote being 420,006 in favor of said Amendment and 403,565 against the said Amendment.
"13. The Respondents, as members of the Hillsborough County Canvassing Board of Elections and the State Canvassing Board, respectively, have a clear, complete, unequivocal and continuing legal duty, non-discretionary in nature, to correctly certify the results of the voting on proposed Constitutional Amendment Number 11 in the November 3, 1964, general election, but said Boards and the respective members thereof, or their predecessors in office, have refused to take action to recertify the results of said election as set forth above, and have made it clear *455 that no such action will be taken until ordered by this Honorable Court."
The Supervisor of Registration of Hillsborough County and the Hillsborough County Canvassing Board of Elections in their return to the alternative writ admit each of the allegations of the petition and in addition thereto aver that on February 11, 1965 the Supervisor of Registration furnished the members of the Hillsborough County Canvassing Board the correct vote totals for votes cast in the general election held in November of 1964 and on February 11th the Canvassing Board of Elections met at the office of the Supervisor of Registration and did then and there proceed publicly to recanvass the votes for constitutional amendments 9 through 13 and recertified the correct totals of said amendments to the Secretary of State pursuant to law. A copy of such recertification is attached to said return and made a part thereof. This certification shows that the correct result on the amendment to Article XVII of the Constitution (constitutional amendment no. 11 on the ballot) was that averred in the relator's petition above referred to, viz.:
30,361 votes for the amendment 22,336 votes against the amendment.
The respondents further alleged there was no fraud or misconduct in the tabulation or the original totals and that through a clerical error a mistake was made; that the true and correct results have been certified by them to the State Canvassing Board pursuant to this Court's alternative writ of mandamus.
The return of the respondents State Canvassing Board admit all of the allegations of the petition for alternative writ but deny that said Board "has a clear, complete, unequivocal and continuing legal duty, non-discretionary in nature, to correctly certify the results of the voting" on the proposed constitutional amendments but, on the contrary, that said Board having met on November 17, 1964 to canvass the returns of said general election and having certified said returns and adjourned sine die is without authority to voluntarily reconvene for the purpose of considering amended returns from a county canvassing board.
Respondent State Canvassing Board has moved to quash the alternative writ on the grounds (1) that the facts alleged in the alternative writ are insufficient to authorize the Court to grant the relief sought; (2) the State Canvassing Board is without authority to voluntarily reconvene for the purpose of considering amended returns from a county canvassing board and (3) that the relator is estopped by the doctrine of laches "from raising a question as to the outcome of an election which was settled with finality by the State Canvassing Board more than two months prior to the filing of the initial pleadings in this action.

JURISDICTION
The jurisdiction of this Court over the respondents Supervisor of Registration of Hillsborough County and the Hillsborough County Canvassing Board of Elections has been questioned. Inasmuch as these officials have in their return certified to this Court that they have filed an amended return with the State Canvassing Board setting forth the correct results of said election rather than attempting to show cause why a peremptory writ should not issue, this question has been dissipated. The sole question now remaining is whether this Court has jurisdiction to compel the State Canvassing Board to comply with the commands of the alternative writ that it recertify the statewide results on the proposed amendment to Article XVII of the State Constitution in the general election of 1964. The respondent State Canvassing Board is clearly a state agency representing the public generally and its officials are state officers.[2]

*456 ON THE MERITS
The admitted facts show that this action was instituted a little more than sixty days after the general election for the purpose of judicially establishing that said constitutional amendment voted upon by the people was adopted by them rather than rejected. The record fails to show any injury, embarrassment or disadvantage to any person by virtue of the delay. There has been no prejudicial change in position by any of the parties in these proceedings nor is there any suggestion of prejudice attributable to any alleged delay on the part of the relator. Absent such showing  even in private litigation  the defense of laches is inapplicable.[3]
This record conclusively establishes that the qualified electors of this State have amended Article XVII of the Florida Constitution by a majority vote cast in an election called for that purpose. All that is required to carry the mandate of the people into effect is the performance of a ministerial duty by the membership of the State Canvassing Board by recertifying the results to show the facts. That mandamus is the proper remedy and that the relator is entitled to the peremptory writ is clearly established by many precedents of this Court. The most pertinent is State ex rel. Knott v. Haskell, Fla. 1916, 72 Fla. 176, 72 So. 651, where, in a single paragraph, this Court disposed of every pertinent issue here in the following language:
"The writ of mandamus is granted by the courts to enforce the performance of a ministerial duty imposed by law where such duty has not been performed as the law requires. Such writ issues only when the law affords no other adequate remedy; and where the writ is applicable it should be framed so as to meet the exigencies of the case. When a relator is entitled to a writ of mandamus, he should have an effective writ. Where several distinct ministerial duties are to be performed by different persons or boards as a means to an end, so as to preserve the integrity and unity of the performance as an entire duty, all such persons may be joined in one writ of mandamus when no provisions or fundamental principles of law are thereby violated."

JUDGMENT
The motion to quash is denied, and the returns of the respondents are found to be found to be insufficient, therefore
It is ordered that the respondents Tom Adams, Secretary of State, Ray E. Green, Comptroller, and Earl Faircloth, Attorney General, as and constituting the membership of the State Canvassing Board be and they are hereby required to forthwith assemble, officially receive the amended return showing the recertification of vote tabulations for constitutional amendments 9 through 13 submitted to it by the Supervisor of Registration of Hillsborough County and the Hillsborough County Canvassing Board of Elections and then and there recertify the statewide results of voting on proposed constitutional amendment no. 11 in the November 3, 1964 general election, including therein the true and correct results as certified by the Hillsborough County Canvassing Board of Elections and upon the performance of such duties make the same known by due return to this Court.
It is so ordered.
THOMAS, ROBERTS, THORNAL, O'CONNELL, CALDWELL and ERVIN, JJ., concur.
NOTES
[1] "The Supreme Court may issue writs of mandamus * * * when a state officer, board, commission or other agency authorized to represent the public generally, or a member of any such board, commission, or other agency, is named as respondent * * *." Article V, Section 4(2), Florida Constitution, F.S.A.
[2] State ex rel. Wedgworth Farms, Inc. v. Thompson, Fla. 1958, 101 So.2d 381. In this case the respondent was the State Motor Vehicle Commissioner. As to whether she was a proper respondent in an original mandamus proceeding in this Court under the Constitution, we said: "* * * We think the instant case typifies the sort of proceeding that falls within our jurisdiction as delineated by the * * * language of the Constitution."
[3] See 21 Fla.Jur. pp. 238, et seq.; City of Eustis v. Firster, Fla.App. 1959, 113 So.2d 260; Reed v. Fain, Fla. 1961, 145 So.2d 858.