PEARSON, Judge.
Appellants brought an action for dissolution of a corporation and other relief incident to the dissolution. The trial court entered a summary final judgment holding that the plaintiffs were barred by laches.
Laches is an affirmative defense. The burden of proving it is on those who assert it, and proof must be by very clear and positive evidence. Van Meter v. Kelsey, Fla.1956, 91 So.2d 327, 332. The elements of laches as set forth in the Van Meter case are: (1) conduct by the defendant, or one under whom he claims, giving rise to the situation of which complaint is made; (2) delay in asserting the plaintiff’s rights, after the plaintiff has had notice or knowledge of the defendant’s conduct, and an opportunity to institute suit; (3) lack of knowledge on the part oí the defendant that the plaintiff would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the plaintiff. See Blumin v. Ellis, Fla.App. 1966, 186 So.2d 286, 294.
The summary final judgment was entered upon the pleadings, the affidavits, the exhibits attached to defendants’ motion to strike, and the depositions of George Winston and Joseph Abelow. However, the court considered matters of which it did not make a record. The order appealed recites: “The Court has considered the record of the prior hearings in this case and has received and considered the testimony of George Winston presented at one of the four hearings on the Defendants’ motion for summary judgment.”
Under these circumstances, and because the record does not demonstrate without genuine issue of material fact that the defendants established the elements of the affirmative defense of laches by clear and positive evidence, the judgment must be reversed.
In this connection, we point out that the Supreme Court has held in Reed v. Fain, Fla. 1961, 145 So.2d 858, 868:
****** “Laches, even when measured by a statutory yardstick, does not necessarily bar the assertion of rights in a court of equity which have been the subject of attempted invasion or destruction by action which is null and void, at least not until and unless the rights of innocent third parties intervene or one (or more) of the transgressors has clearly demon *428 strated that the delay has prejudiced his alleged rights.” }¡< j}i j{c jji
Reversed and remanded for further proceedings.