319 So.2d 594 (1975)
NIAGARA FIRE INSURANCE COMPANY, Appellant,
v.
ALLIED ELECTRICAL COMPANY, Appellee.
No. 75-343.
District Court of Appeal of Florida, Third District.
October 7, 1975.
*595 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Thomas E. Scott, Jr., Miami, for appellant.
Fowler, White, Humkey, Burnett, Hurley & Banick and Fred R. Ober, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Niagara Fire Insurance Company, third-party defendant, appeals from a final judgment after non-jury trial reforming its insurance contract with defendant, third-party plaintiff, Allied Electrical Company to eliminate an exclusion clause. This action stems from a 1966 incident in which a truck-crane obtained by Allied on a lease-purchase basis from Neff Machinery, Inc., the original plaintiff, slipped from a barge and sank in salt water offshore of the Florida Keys.
The sole issue presented on appeal is whether the trial court erred in finding that there was a mutual mistake requiring reformation of the insurance contract. The court reformed the contract by deleting the "water-borne loss" exclusion which otherwise would have barred recovery for Allied. Niagara contends that there was not sufficient legal basis to reform the contract of insurance and delete the "water-borne" exclusion because prior to, and at the time of the insurance contract, there was no meeting of the minds or communication between Allied and Niagara on the portion of the contract that is sought to be reformed and, therefore, there can be no mutual mistake. Niagara also contends that Allied's claim against it is barred by laches as the loss occurred in 1966 and the claim against Niagara for the reformation of the insurance contract was not brought until 1973. There is no contention that the insurance agent with whom Allied placed the coverage was not the agent of Niagara, but Niagara contends that he did not have the authority to bind the insurance company to a nonstandard insurance contract.
We hold that the trial court did not err in reforming the insurance contract to eliminate the exclusion clause. The applicable rule for reformation is that the evidence must be clear and convincing and sufficient to overcome a strong presumption arising from the policy that it correctly expresses the intention of the parties. Continental Casualty Company v. City of Ocala, Fla. 1930, 99 Fla. 851, 127 So. 894; Old Colony Insurance Company v. Trapani, Fla.App. 1960, 118 So.2d 850, 853; Sobel v. Lobel, Fla.App. 1964, 168 So.2d 195, 197; Allstate Insurance Company v. Vanater, Fla. 1974, 297 So.2d 293, 295. We are of the opinion that the trial court's finding, that there was a mutual mistake requiring reformation of the insurance contract, had sufficient support from the evidence in the record.
We next consider laches as a bar to the relief claimed by the plaintiff. Four elements are necessary to establish laches as a bar to relief. These elements are set out by the Florida Supreme Court in Van Meter v. Kelsey, 1956, 91 So.2d 327, and by this court in Winston v. Dura-Tred Corporation, Fla.App. 1972, 268 So.2d 426, as follows: (1) conduct on the part of the defendant or one under whom he claims, giving rise to the situation of which complaint is made; (2) the plaintiff, having had knowledge or notice of the defendant's conduct, and having been afforded the opportunity to institute suit, is guilty of delay in asserting his rights by suit; (3) lack of knowledge on the part of the defendant that plaintiff will assert the right on which he bases his suit; and (4) injury or prejudice to the defendnat in the event relief is accorded to the plaintiff, or in the event *596 the suit is not held to be barred. As to this fourth element, also see State ex rel. Clendinen v. Dekle, Fla. 1965, 173 So.2d 452 at 456, and Brown v. Semple, Fla.App. 1967, 204 So.2d 229, at 233. Since laches is an affirmative defense, the burden of proving it is on those who assert it, and it must be proved by very clear and positive evidence. Van Meter v. Kelsey, supra. The record in this cause shows neither undue delay, in that Allied did not learn of the facts giving rise to a cause of action against Niagara until 1973, nor injury or prejudice to Niagara by reason of the delay. Therefore, we find that the essential elements of laches have not been proved.
For the reasons stated and upon the authorities cited, the judgment herein appealed is affirmed.
Affirmed.