FRANK D. UPCHURCH, Jr., Judge.
Appellant Rommie Howard Mills appeals a final judgment from the Circuit Court for Orange County which partitioned property jointly owned with appellee Trudy Mae *224 Holcomb, claiming that the trial court erred in dismissing his countersuit for imposition of a constructive or resulting trust upon the property.
Appellant permitted appellee and her husband to reside with him. In 1964, appellant conveyed his house to appellee and her husband. He testified that this was done with the understanding that he would retain control during his lifetime and thereafter the property would go to Mr. and Mrs. Holcomb’s children.
Other lots were transferred to the Hol-combs by third parties. Appellant testified that he negotiated these sales and paid the consideration. Mr. Holcomb corroborated appellant’s testimony. Appellant also testified that in 1966 he put up the money for two more lots which also were conveyed to the Holcombs by a third party. Mr. Holcomb testified that these payments were paid from his checking account but that appellant had furnished the funds. Appel-lee denied that any of the payments were made by appellant.
In 1970, the Holcombs divorced and appellant became aware there might be a problem with the status of title to the property and consulted an attorney. Upon request, Mr. Holcomb conveyed his one-half interest to appellant. Appellee, however, considered herself the fee owner and refused to convey her interest or to be bound by the agreement. Appellant did nothing because he lacked the money to institute suit but continued to make the payments in the hope that the Holcombs’ children might still derive some benefit from the property.
The record reflects that the trial court was satisfied that the agreement claimed by appellant existed but was concerned that he was guilty of laches because appellant did nothing to enforce his claim.
We disagree. There was no prejudice demonstrated by the delay.[1] In fact, the delay was to appellee’s benefit because appellant continued to make payments on the property.
We therefore reverse and remand to the trial court for imposition of the trust.
DAUKSCH, C. J., and COBB, J., concur.

. See State ex rel. Clendinen v. Dekle, 173 So.2d 452 (Fla.1965), holding that the defense of laches is inapplicable in the absence of prejudice attributable to the delay.