T. J. PRIOR AND ONA PRIOR, HIS WIFE, *Appellants*, v. WILLIAM M. DAVIS AND J. T. BROOKS, *Appellees*.

1. The execution of a deed conveying real estate is an act of importance that is presumed to have been done with deliberation and care; and where it is sought to have such a conveyance reformed so as to comply with a parol agreement alleged to have been made with reference to the conveyance before its execution, the proof of the parol agreement should at least be full, clear and convincing.

2.  In a suit for the reformation of a deed conveying real estate so as to make the deed comply with a previous parol agreement, when the testimony is conflicting and is not full, clear and convincing in favor of reformation, a decree denying reformation will not be reversed as being contrary to the evidence.

This case was decided by Division A.

Appeal from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*T. F. West,* for Appellants;

*Maxwell & Reeves,* for Appellees.

WHITFIELD, C. J.—The appellants seek by bill in equity brought in the Circuit Court for Santa Rosa County to have a deed conveying 80 acres of land to the appellant Ona Prior reformed so as to cover 108 acres of land in accordance with an alleged parol agreement made before the execution of the deed of conveyance. The answer specifically denies the equities set up in the bill of complaint. Testimony was taken and a decree rendered for the defendants from which an appeal was taken by the complainants.

The execution of a deed conveying real estate is an act of importance that is presumed to have been done with deliberation and care; and where it is sought to have such a conveyance reformed so as to comply with a parol agreement alleged to have been made with reference to the conveyance before its execution, the proof of the parol agreement should at least be full, clear and convincing. Geter v. Simmons, 57 Fla. 423, 49 South. Rep. 131; Jacobs v. Parodi, 50 Fla. 541, 39 South. Rep. 833;

Knight & Co. v. Turner Cypress Co., 55 Fla. 690, 45 South. Rep. 1016.

In this case the testimony as to the alleged parol agreement that one hundred and eight acres of land would be conveyed when in fact the conveyance covered only eighty acres, is conflicting and is not so full, clear and convincing in favor of reformation as to warrant this court in holding that the chancellor erred in decreeing against reformation.

The decree is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.