FIDELITY PHENIX FIRE INSURANCE COMPANY OF NEW YORK, *Appellant,* v. CHARLOTTE HILLIARD, A. B. HIL-LIARD, HER HUSBAND, AND THE MALSBY COMPANY, A CORPORATION OF THE STATE OF GEORGIA, *Appellees.*

Opinion Filed May 15, 1913.

INSURANCE LAW—REFORMATION OF POLICY AND ENFORCE-MENT THEREOF AS REFORMED MAY BE HAD IN SAME SUIT—PROOFS NECESSARY FOR REFOR-MATION.

1. It is well settled that when a policy of insurance as issued does not conform to the contract which it purports to evidence, and the insured accepts the policy in the belief that it

does conform to his contract, a court of equity will reform the instrument; and that after a loss has occurred the reformation of the policy and judgment for the loss may be had in the same suit.

2. In reforming a policy of insurance, like that of any other written contract, the want of conformity to the agreement of the parties must be occasioned by a mistake which is mutual and common to both parties to the instrument. A mistake on one side may be a ground for rescinding, but not for reforming, the contract, where the minds of the parties have not met, there is no contract, and hence none to be rectified.

3. It is also well settled that an insurance policy as issued and accepted is *prima facie* the contract of the parties; and in order to have it reformed, the burden is on the plaintiff to show that a different contract was entered into from that which was reduced to writing, and this fact must be proved by clear, convincing and satisfactory evidence, not alone by a preponderance of the evidence, but he must .establish the fact by such evidence as to show conclusively that a mistake had been made, that such mistake was mutual to both parties, and to satisfy the court of such mistake beyond a reasonable doubt.

Appealed from the Circuit Court of St. Lucie County.

Decree reversed.

*Rufus M. Robbins,* for Appellant;

*John E. Hartridge* and *F. L. Hemming,* for Appellees.

TAYLOR, J.—The appellees as complainants below filed their bill in equity in the Circuit Court of St. Lucie County against the appellant as defendant below, subsequent to the destruction by fire of the property alleged to be

insured, for reformation of a policy of fire insurance made by the defendant below payable to Charlotte Hilliard alone, covering a saw and planing mill and other machinery and a building in which it was located, and the lumber to be cut and stored on the land on which it was located, the reformation sought by the bill was, in short, that said policy be made payable to Charlotte Hilliard and the Malsby Company as their interests might appear. The bill alleging that all of said saw mill and planing machinery, engine and boiler were purchased by Charlotte Hilliard from said Malsby Company, the latter retaining the title thereto until it was fully paid for and that the greater part of the purchase price therefor was still unpaid. The defendant answered the bill fully denying that there was any mutual mistake made in writing the said policy as alleged, but affirming that said policy was written, executed and delivered in the terms in which it was applied for by the said Charlotte Hilliard. That said policy was void by its express terms because the said Charlotte Hilliard was not the sole and unconditional owner of the property insured thereby, nor was she the owner of the land on which it was situated. And that said policy had been recalled and cancelled by the defendant insurance company prior to the loss by fire of the property described therein. The cause was referred to a master to take testimony, and at the final hearing on the pleadings and evidence reported, the Judge below entered a final decree in favor of the complainants below reforming the said policy in conformity with the prayers of the bill and adjudging that the defendant below shall pay to Charlotte Hilliard the sum of $500, with interest at eight per cent from Aug. 30th, 1907, and to the complainant, the Malsby Company, the sum of $1,025.00, with interest at the same rate from Au-

gust 30th, 1907, and the further sum of $500 as attorney's fee to the complainant for the enforcement of said policy, besides the cost of the suit.   This decree the defendant below brings here for review by appeal, and assigns the various features of said decree as error.

It is well settled that when a policy of insurance as issued does not conform to the contract which it purports to evidence, and the insured accepts the policy in the belief that it does conform to his contract, a court of equity will reform the instrument; and that after a loss has occurred the reformation of the policy and judgment for the loss may be had in the same action.  But in reforming a policy of insurance, like that of any other written contract, the want of conformity to the agreement of the parties must be occasioned by a mistake which is mutual and common to both parties to the instrument.  A mistake on one side may be a ground for rescinding, but not for reforming, the contract.  Where the minds of the parties have not met, there is no contract, and hence none to be rectified.

It is equally well settled that an insurance policy as issued and accepted is *prima facie* the contract of the parties; and in order to have it reformed, the burden is on the plaintiff to show that a different contract was entered into from that which was reduced to writing, and this fact must be proved by clear, convincing and satisfactory evidence, not alone by a preponderance of the evidence, but he must establish the fact by such evidence as to such conclusively that a mistake had been made and to satisfy the court of such mistake beyond a reasonable doubt.   16 Am. & Eng. Ency. of Law, pp. 869 and 879 and numerous citations; Knight, Norman & Co. v. Turner C. L. Co., 55 Fla. 690, 45 South. Rep. 1016; Indian River Mfg. Co. v. Wooten, 55 Fla. 745, 46 South.

Rep. 185; Prior v. Davis, 58 Fla. 510, 50 South. Rep. 535. Guided by these rules we are of the opinion, after careful consideration of the evidence submitted in the record, that it does not justify the reformation decreed in this case. There is no proof that if there was a mistake made in the policy as written and delivered such mistake was mutual to both parties to the contract. And the complainants' evidence as to the fact of any mistake being made therein is conflicting, hazy and far from establishing such mistake in a clear and satisfactory manner. Reaching this conclusion the decree of the Circuit Court in this case is hereby reversed, at the cost of the appellees with directions for the entry of a decree in its stead dismissing the bill of the complainants below, with leave to sue at law for the recovery of the unearned premium paid for said policy of insurance if any.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.