WILLIE BEXLEY, *Appellant,* v. HIGH SPRINGS BANK, *Appellee.*

Opinion Filed February 21, 1917.

Petition for Rehearing Denied March 24, 1917.

1. Equity will reform a written instrument where because of mutual mistake it does not contain the true agreement of the parties only where the proof is full and satisfactory as to the mistake.

2. The allegations of a bill for the reformation of an instrument should be clear and specific as to the mistake claimed to have been made by the parties to the instrument.

3. Whether a mortgage executed by a married woman jointly with her husband to secure a debt of the latter may be reformed upon the testimony of her husband or the creditor, questioned in view of the provisions of Section 1, Article XI, of the Constitution of Florida, 1885.

4. Evidence examined and found insufficient to sustain the allegations of the bill as to a mistake of the parties concerning the description of lands contained in a mortgage.

Appeal from Circuit Court for Alachua County; J. T. Wills, Judge.

Decree reversed.

*W. S. Broome,* for Appellant;

*F. Y. Smith,* for Appellee.

ELLIS J.—An appeal was taken by the appellant from a decree rendered by the Chancellor in the suit of High Springs Bank v. Mrs. Willie Bexley and others to reform a mortgage in the matter of the description of land and to enforce the lien of the mortgage upon the lands as described in the reformed instrument.

The decree dismissed the bill as to some of the defendants, and granted the relief prayed for against Mrs. Bexley, who was ordered to pay the debt within a certain time, in default of which the property described in the mortgage as reformed should be sold and the proceeds of the sale applied on the debt.

It is unnecessary to discuss the points raised by the pleadings and evidence in detail, as according to the view which we have of the case it should be determined upon the single question of whether there was any evidence before the Chancellor upon which to base a decree reforming the mortgage in the matter of the description of the land.

The facts as we gather them from the record are succinctly as follows: In December, 1909, M. A. Bexley owed the High Springs Bank a sum of money, which debt was evidenced by his note payable to the Bank the following year. To secure that debt M. A. Bexley and his wife, the appellant here, executed and delivered to the Bank a mortgage on "Lot 4 in Block 24, Foster's Addition to the Town of High Springs."

Now Mrs. Willie Bexley, the wife of M. A. Bexley,

was the owner of the Southwest Corner of that Block, which corner was known as Lot 3. On this lot Number 3, in Block 24, the home of M. A. Bexley and his wife was located, and it was the separate property of Mrs. Bexley. She did not own Lot 4 in Block 24 at that time, but acquired it about a year later. M. A. Bexley died some time before May, 1915, when the bill in this case was filed. The mortgage was executed in December, 1909, and not recorded until September in the following year.

In this proceeding the Bank contends that there was an error in the description of the land as contained in the mortgage; that it was the intention of the parties to mortgage Lot Number 3, the home place, instead of Lot Number 4, the lot described in the instrument. The appellant denied in her answer that such allegation was true.

Upon the subject of the reformation of instruments this court has said, that while equity will reform a written instrument where by mistake it does not contain the true agreement of the parties, it will only do so when the mistake is plain and the proof full and satisfactory. See Jacobs Admr. v. Parodi, 50 Fla. 541, 39 South. Rep. 833; Griffin v. Societe Anonyme La Floridienne, 53 Fla. 801, 44 South. Rep. 342; Horne v. J. C. Turner Cypress Lumber Co., 55 Fla. 690, 45 South. Rep. 1016; Prior v. Davis, 58 Fla. 510, 50 South. Rep. 535; Franklin v. Jones, 22 Fla. 526.

Not only were the allegations of the bill as to the mistake of the parties indefinite and lacking in that degree of clearness required by the rule as announced by this court, but the proof was less clear and wholly unsatisfactory. In fact, there is no evidence whatever that Mrs. Bexley ever intended to place a mortgage upon her home, unless it be the circumstance that she did own Lot

3, and at the time the mortgage was executed did not own Lot 4, and that she did sign the mortgage.

The debt was that of her husband, the property, Lot 3, the home, was her separate property.

Section 1, Article XI of the Constitution of Florida, 1885, provides that a married woman's separate property shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women. See Ocklawaha River Farms Co. v. Connor *et al.*, decided at this term.

If an instrument of this character may be reformed at all, in the absence of some writing showing the mistake of the parties, executed by the married woman with the same formalities required by law for the execution of conveyances by her, it is of great importance that the proof of the mistake should be full, clear and satisfactory to the degree of moral certainty. Otherwise a married woman's separate property may be subjected to the payment of her husband's debt, upon the statements of her husband that it was so intended, or upon the oral declarations of a creditor seeking to recover his money, and thus may be accomplished an end by a means which the constitution forbids.

The evidence that Mrs. Bexley intended to mortgage her home to secure the debt of her husband is not full, nor is it clear; but is on the contrary meagre, indefinite, vague and wholly unsatisfactory. Being of this opinion, we think that so much of the decree appealed from as orders and decrees a reformation of the instrument should be reversed, and it is so ordered.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.