ALLEN, Judge.
This is an appeal from a decree, dated July 23, 1957, dismissing an amended complaint in an action for reformation of a contract for the sale of realty, and for specific performance of said contract, as reformed. Plaintiff appeals, the parties being referred to herein as they stood before the trial court.
The amended complaint alleged, in effect, that plaintiff and defendants entered into a contract for the purchase and sale of certain realty, at a price of $9,000; that plaintiff had paid a total of $544 on said contract; that defendant had, at the time of and subsequent to the execution of said contract, represented to plaintiff that they would either obtain a V. A. loan for plaintiff or carry the balance due on the contract until such loan could be obtained;that said contract required plaintiff to obtain said V. A. loan, by terms which plaintiff did not understand, as follows:
“Purchaser to qualify for and obtain V. A. Commitment in the approx, amt. of $8,860 . .
that said terms were inserted by mistake or fraud; that plaintiff would not have executed said contract had he understood the legal meaning of “commitment”; and that plaintiff was ready to perform and defendants refused to perform said contract.
A copy of the contract for sale of the real estate was attached to the amended complaint and, of course, must be considered a part thereof. The pertinent parts of the contract are as follows:-
“1. Full Purchase Price $9,000, payable approx. $444 in cash, of which the above deposit shall apply as part and shall be held by said Agent in escrow pending closing of transaction, balance payable in the following manner : Purchaser to qualify for and obtain VA Commitment in the approx. *17 amt. of $8,820. Seller to pay any discount fees in connection with said loan. Purchaser to pay closing costs and prepaid items in connection with said loan. Included in said purchase price are the following items now on the premises: Venetian blinds, 2 gas heaters and hot water heater.
v *1» H* 4*
“Subject to the aforesaid curative period, this sale shall be closed on or before 30 days from receipt of VA Commitment.
******
“4. The required documentary stamps shall be placed on the deed by Seller. The Buyer shall properly execute any required notes and mortgages and place the required stamps thereon.
******
“8. This instrument shall become effective as a contract when signed by the Agent, Buyer and Seller. If not signed by all parties on or before December 12, 1956 any moneys deposited shall be refunded and this instrument shall be void.
“9. No agreements, unless incorporated in this contract shall be binding upon the Agent, Buyer, or Seller.”
The amended complaint, as above indicated, alleged:
“That by mutual mistake of the plaintiff and the defendants, or by the mistake of the plaintiff and the fraud of the defendants in concealing their knowledge thereof, the aforesaid written contract, and in particular the technical language inserted therein, was incorrectly drawn and did not express the actual agreement between the parties thereto.”
The amended complaint also alleged that the plaintiff had performed all his part of the agreement, and that the defendant had failed and refused to perform the conditions of said agreement in that they had failed and refused to place the aforesaid V. A. loan or to carry the same until it could be placed.
The plaintiff prayed:
“a. That defendants, or either of them, be ordered to place or underwrite the aforesaid loan as agreed.
“b. That defendant, International Construction Co. be ordered to make, execute and deliver to plaintiff its Warranty Deed to the aforesaid property in accordance with its aforesaid contract.
“c. That plaintiff have such other and further relief as to this court shall deem meet.”
Therefore, the amended complaint asked for a reformation of the contract so as to provide that the seller, or its agent, the escrow holder, be required to place or underwrite a loan on the premises; and for the specific performance of the contract as reformed.
The contract, if reformed in the manner requested by the plaintiff, would contain no terms of a loan, such as the time for the performance, interest rate, and other conditions necessary for a completed contract. It is elementary that a court will not make a new contract for the parties, but only make the contract speak the agreement of the parties. See Womack v. Madison Drug Co., 1944, 155 Fla. 335, 20 So.2d 256; Dixie Naval Stores Co. v. German-American Lumber Co., 1918, 76 Fla. 339, 79 So. 836.
It should also be observed that the amended complaint, where it charged fraud of the defendants in concealing the knowledge of the mistake in the terms of the written contract, did not set forth any facts from which fraud could be concluded, but alleged only the conclusion of the pleader that fraud had been committed. See Kooman, Florida Chancery Pleading and Practice, § 373; 5 Fla.Jur., Cancellation, etc., §94.
*18 Pomeroy, Equity Jurisprudence, Vol. 3, § 862, pages 365-367, states the rule as follows:
“ . . . As in suits for a reformation alone (see § 859a) the evidence must be of the clearest and most convincing nature; the burden of proof is on the plaintiff, and he must prove his case beyond a reasonable doubt. It is not sufficient merely to prove a mistake which might be ground for a rescission. The plaintiff must establish a mistake of such a character as entitles him to a reformation, and such circumstances as render a reformation possible.”
We are of the opinion that the lower court was correct in granting the motion to dismiss, as it is apparent to us that the amended complaint did not state facts sufficient to justify a reformation and enforcement of the contract as reformed.
The appellant, in his reply brief, also stated the chancellor should not have dismissed the amended complaint as the plaintiff would be “entitled as a minimum to rescission and return of his down payment and compensation for improvements”.
We do not think that the general prayer of the complaint would justify the chancellor’s retaining jurisdiction to grant relief for rescission of the contract. The plaintiff below did not ask for rescission, but for the enforcement of the .contract after it had been reformed as requested in the amended complaint; such a remedy would be foreign to the allegations of the complaint. Pensacola & G. R. Co. v. Spratt & Callahan, 12 Fla. 26.
The lower court should be affirmed, but without prejudice to the appellant’s right to pursue such other remedies as he may be advised.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.