CARROLL, Judge.
The appellant Coastal States Life Insurance Company is the successor to a company which issued a policy to the appellee in 1956. The insurance was applied for through an agent of the company, who, after certain conferences with the applicant, furnished the latter a prospectus setting forth the figures with reference to the policy, including the amounts payable or returnable on an endowment basis at the end of 15 years. The policy, as issued, made provision for payment or return of lesser amounts in certain respects than as prescribed for it in the prospectus. The insured did not read or examine the policy until some time in 1962. Following certain correspondence between the insured and the company regarding the failure of the policy to provide benefits as set out in the prospectus, the insured filed suit against the company, for declaratory decree.
In the complaint as amended it was alleged, among other things, that the plaintiff contracted for certain insurance according to the prospectus furnished by the agent and that upon examining the policy in September of 1962 learned of its differences from the prospectus, as referred to above; that there had resulted a difference between the plaintiff and defendant as to whether plaintiff was entitled to insurance on the basis of the prospectus or on the less favorable basis provided for in the policy, and that plaintiff was in doubt as to his rights thereunder. A declaratory decree was prayed for to determine the rights of the parties under the prospectus and to reformation of the policy to conform to the prospectus, and for general relief.
The defendant denied the allegations of the amended complaint and averred that plaintiff’s claim was contrary to the terms of the policy; that plaintiff’s effort to have the provisions of the prospectus control was contrary to a term of the policy against alteration or waiver of provisions unless made in writing by the company and signed by an officer thereof; that when the agent delivered the prospectus he orally advised the plaintiff to “disregard the cash and estate values contained therein” because plaintiff’s condition of health would preclude him from being entitled to a policy so providing. In addition the defendant pleaded the five year statute of limitations, laches, estoppel and waiver.
The cause was tried before the chancellor, who entered a decree finding plaintiff’s ap *276 plication was induced by the prospectus furnished by the company’s agent and the policy accepted by plaintiff without knowledge of its failure to follow the provisions for benefits as set forth in the prospectus, and that such conduct of the company through its agent amounted to overreaching. The decree held that plaintiff was entitled to reformation of the policy, and thereupon decreed its reformation as follows:
“1. Plaintiff is entitled to a reformation of the policy of life insurance owned by him, being policy No. 21-60658, written by Haven Insurance Company and upon which Coastal States Life Insurance Company is now obligated.
“2. That said policy of insurance, above described, be, and it is hereby, reformed to provide and contain the guaranteed amounts set aside each year and the estate values in the event of plaintiff’s death as set forth in the Prospectus in evidence as plaintiff’s Exhibit ‘B’, and to guarantee the plaintiff the sum of Eleven Thousand Seven Hundred Forty-Eight ($11,748.00) Dollars if the contract of life insurance is terminated in the fifteenth year of its life provided that premiums are paid and coupons in the contract are left to mature.”
On appeal the appellant insurance company presented and argued six points or contentions. On consideration thereof in the light of the record and briefs we conclude that no reversible error has been made to appear.
The complaint stated a case cognizable under Chapter 87 Fla.Stat., F.S.A. for declaratory decree. Being aware of the rule applicable here that for reformation the evidence must be clear and convincing, and sufficient to overcome a strong presumption arising from the policy that it correctly expresses the intention of the parties,[1] we are of the opinion that the findings of the chancellor, upon which it was held that plaintiff was entitled to reformation of the policy to make it square with the prospectus, had sufficient support in the evidence. Plaintiff’s right to reformation was not barred by a statute of limitations, laches or estoppel, as a result of his failure to read or examine the policy during the intervening period.[2]
 Appellant argues that § 627.0223, Fla.Stat., F.S.A., which prohibits an insurer from making a contract of insurance other than that expressed in the policy, compels adherence to the terms of the policy in this case. We can not agree. That statute does not preclude reformation of an insurance policy by court decree. See cases cited in footnote 1.
The fact, as referred to by the appellant, that the plaintiff did not expressly seek and pray for reformation of the insurance policy, but sought a determination as to his right to reformation, is not, in our view, a basis for reversal of the decree. The main question for determination in the suit for declaratory decree was whether the contract of the parties should be that specified in the policy or the terms as specified in the prospectus. Upon holding that the plaintiff was entitled to the payments and benefits called for by the prospectus the court correctly found that justice between the parties, under the circumstances, called for reformation of the policy. It would have served no useful purpose to postpone reformation to a supplemental proceeding, as provided for in § 87.07, Fla.Stat., F.S.A., inasmuch as the *277 right to reformation was decreed, the facts and figures were before the court and plaintiff had prayed for general relief.
The decree, accordingly, should be and hereby is
Affirmed.

. See Continental Casualty Co. v. City of Ocala, 99 Fla. 851, 127 So. 894; Old Colony Insurance Co. v. Trapani, Fla.App.1960, 118 So.2d 850, 853; Sobel v. Lobel, Fla.App.1964, 168 So.2d 195, 197.

. Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 So. 887, 891; Blumberg v. American Fire & Casualty Co., Fla.1951, 51 So.2d 182, 184; Soud v. Hike, Fla.1952, 56 So.2d 462, 468.