HENDRY, Judge.
Appellees herein are the newly elected members of the governing body of the St. Sophia Greek Orthodox Community, a nonprofit corporation. This cause was originally instituted upon appellees’ complaint for injunction and other equitable relief against appellants, who comprise the former governing body of the corporation.
Upon petition by plamtiffs-appellees, the chancellor granted the following temporary relief: 1. appellants were enjoined from conducting or attempting to conduct an election of officers by the members of the St. Sophia Greek Orthodox Community pending further order of the court; 2. appellants were ordered to turn over to ap-pellees all books and records of the corporation; and, 3. appellants were restrained from interfering with appellees’ operation of the non-profit corporation until final hearing. The lower court also entered an order denying appellants’ request for jury trial. Appellants now seek review of the orders granting such relief by interlocutory appeal.
We are unable to agree with appellants’ contentions regarding notice and nature of relief. There is ample provision in Rule 1.610, Florida Rules of Civil Procedure, 31 F.S.A., for the granting of a temporary injunction without notice when the requisite situation occurs. We are of the opinion that the notice given appellants in this case was adequate to meet the requirements of the rule. We conclude also that the relief granted was temporary in nature and in compliance with the provisions of Rule 1.610, Florida Rules of Civil Procedure, supra.
It is settled that the submission of questions of fact to a jury in cases involving equitable relief, which questions are traditionally within the province of the chancellor, is a matter within the judicial discretion of the lower court. Berg v. New York Life Insurance Company, Fla. 1956, 88 So.2d 915. Appellants in this case have failed to show an abuse of that discretion. Accordingly, the orders appealed will be affirmed.
Affirmed.