PER CURIAM.
Appellant-plaintiff, Homer M. Vanater, appeals a final judgment denying reformation of a fire insurance policy in an action for reformation of the insurance policy and seeking payment under the policy as reformed. We reverse.
The sole point on appeal which we consider is that the trial court erred when it instructed the jury that appellant must prove beyond a reasonable doubt that a mutual mistake had been made in the issuance of the insurance policy.
 The general rule is that when, because of a mutual mistake, a written instrument does not express the true agreement of the parties, equity will reform the written instrument where the mutual mistake has been established by clear and convincing evidence. 76 C.J.S. Reformation of Instruments §§ 26, 84 (1952); Bell Corporation v. Bahama Bar & Restaurant, Inc., 74 So.2d 292 (Fla.1954); Coastal States Life Insurance Co. v. Raphael, 183 So.2d 274 (Fla.App.1966) and cases cited n. 1. *41 It was, therefore, error for the trial court to instruct the jury that the mutual mistake need be established beyond a reasonable doubt. 4
Accordingly, the judgment is reversed and the cause remanded[1] for further proceedings consistent with the views expressed herein.
Reversed and remanded.
REED, C. J., and CROSS and OWEN, JJ., concur.

. In the event that reformation of the insurance policy is again denied, the plaintiff would be entitled to interest on the amount for which the insurance company is determined liable despite the insurance company’s offer to settle. A mere offer to settle unaccompanied by payment either to the insured or to the registry of the court does not terminate the insurance company’s liability for interest, Employers’ Liability Assur. Corp. v. Royals Farm Supply, Inc., 186 So.2d 317 (Fla.App.1966) ; 18A Fla.Jur., Insurance § 861 (1971), even though the amount for which it is ultimately held liable is less than or equal to its prior offer.