294 So.2d 35 (1974)
Irwin L. SAMET, Appellant,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Foreign Corporation, Appellee.
No. 73-880.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 20, 1974.
Israel Abrams and Ronald Silver, Miami, for appellant.
Dixon, Dixon, Lane & Mitchell, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
This is an appeal by the plaintiff below from an adverse summary judgment. By a complaint filed on September 22, 1972, as thereafter amended, the appellant sought reformation, on the grounds of fraud and mutual mistake, of an insurance policy which had been issued to him in 1960.
In September of 1966 the plaintiff was injured in an automobile accident, a rear end collision. At that time he was employed in the capacity of plant manager of a certain company. He was totally disabled for a period of weeks following which, until February 4, 1967, he was partially disabled, and able to return to work part time, except for one week during that period in which he was totally disabled.
On February 4, 1967, he resumed his employment on a full time basis, and so continued until July of 1967, when he was required to cease work because of total disability *36 attributable to the September 1966 injury.
The policy provided for payment of benefits of $200 per month for a period of sixty months for total disability resulting from sickness. It also provided for payment of such benefits for life for permanent total disability resulting from injury, with a proviso that total disability due to injury which commenced more than sixty days after the injury would be treated as from sickness, viz:
"If a period of total disability of the insured due to injury commences while this policy is in force but more than 60 days after such injury is sustained, such total disability shall, for the purposes of this policy, be deemed to have been due to sickness."
The insurer paid the benefits during the periods of total and partial disability prior to February 4, 1967, when the plaintiff returned to full time employment, and for the total disability which commenced in July of 1967, the insurer paid the monthly benefits (with waiver of premiums) for a period of five years to July of 1972, after which the payments were terminated on the basis of the provision or proviso quoted above.
The insurer answered, relying on the terms of the policy, averring compliance therewith, and moved for summary judgment.
On the evidence before the court on the hearing on motion for summary judgment, it appeared that the plaintiff, upon desiring to obtain disability insurance, had contacted the insurer; that an agent of the latter called on the plaintiff; that they discussed the matter for approximately thirty minutes during which the plaintiff stated his desire to obtain a policy providing for benefits for life for permanent total disability from injury or accident; that the policy issued was a standard form for such coverage, with the premium fixed according to the coverage afforded; that in addition to providing for payment of benefits for five years for total disability from sickness, the policy did, in fact, provide for payment of benefits for life for permanent total disability resulting from injury (which benefits would have been available to the plaintiff in this instance if his injury had resulted in permanent total disability commencing within the sixty-day period mentioned in the policy.) The problem here was that the period of permanent disability for which the plaintiff sought life payments commenced a substantial time beyond the period of sixty days after his injury. What the plaintiff sought was to reform the policy to eliminate the sixty-day proviso by which such late commencing total disability was treated thereunder as from sickness.
For reformation of an insurance contract for fraud or mutual mistake it must be shown that the policy failed to express or conform to the contemplation of the parties, by evidence sufficient to overcome a presumption arising from the policy that it correctly expressed the intention of the parties. Old Colony Insurance Company v. Trapani, Fla.App. 1960, 118 So.2d 850. Having accepted, examined and retained the policy for an extended time without questioning the provisions thereof, the burden was on the plaintiff to show that a different contract was entered into from that which was reduced to writing. Fidelity Phenix Fire Ins. Co. v. Hilliard, 65 Fla. 443, 62 So. 585.
The trial court concluded, and we agree, that the record and evidence before the court did not disclose genuine triable issues of the existence of fraud or mutual mistake in the transaction which would support an application for reformation of the policy.
Also, inherent in the summary judgment was a conclusion by the court that the total disability for which the plaintiff sought payments for life under the policy was one which, although due to the September 1966 injury, commenced in July of 1967. That *37 appears to have been established from the circumstances that disability payments were not involved for the period of approximately five months during which the plaintiff was not disabled and had returned to full time employment, prior to July of 1967.
No reversible error having been made to appear the judgment is affirmed.