297 So.2d 293 (1974)
ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Petitioner,
v.
Homer M. VANATER, d/b/a Kirby's Shoe Store, and Kirby's Shoe Corporation of Florida, Inc., a Florida Corporation, Respondents.
No. 44126.
Supreme Court of Florida.
May 29, 1974.
Rehearing Denied July 31, 1974.
*294 John R. Beranek and George P. Supran of Jones, Paine & Foster, West Palm Beach, for petitioner.
George J. Baya, Miami, for respondents.
DEKLE, Justice.
Certiorari was granted to review the decision of the District Court of Appeal, Fourth District, in Vanater v. Allstate Ins. Co., reported at 279 So.2d 40 (1973), which conflicts with Fidelity Phenix Fire Ins. Co. of New York v. Hilliard, 65 Fla. 443, 62 So. 585 (1913), Rosenthal v. First National Fire Ins. Co. of United States, 74 Fla. 371, 77 So. 92 (1917), Crosby v. International Investment Co., 101 So.2d 15 (Fla.App.2nd 1958), and Old Colony Ins. Co. v. Trapani, 118 So.2d 850 (Fla.App.2d 1960), thus vesting jurisdiction in this Court pursuant to Art. V, § 3(b)(3), Fla. Const. F.S.A. Oral argument has been dispensed with pursuant to F.A.R. 3.10(e), 32 F.S.A.
In an action for reformation of an insurance contract wherein reformation and other relief sought by respondents was denied, the trial court instructed the jury relative to the burden of proving mutual mistake in an action for reformation as follows:
"The plaintiff must prove this claim by clear and convincing evidence and if the evidence does not support the plaintiff's claim in such a manner, the plaintiffs are not entitled to a reformation. If, however, the evidence does support the plaintiff's claim in such manner, then you shall consider the defense raised by the defendant on the defense.
* * * * * *
"The plaintiff has the burden of showing that a different contract was entered into than the one that was reduced to writing. And this must be proved by convincing and satisfactory evidence; a mere preponderance of evidence is not sufficient.

"Plaintiff must satisfy you beyond a reasonable doubt that a mistake had been made. In order to avoid the legal effect of a written insurance contract, fraud or mistake must be shown by clear and convincing evidence. An insurance policy as issued and accepted is Prima Facie, the contract of the parties; in order to have it reformed, the burden is on the plaintiff to show that a different contract was entered into from that which was reduced to writing. This fact must be proved by clear, convincing and satisfactory evidence, not alone by a preponderance of the evidence but plaintiff must establish the fact by such evidence as to show conclusively that a mistake had been made, that such mistake was mutual to both parties and to satisfy you of such mistake beyond a reasonable doubt." (emphasis ours)
Upon appeal the district court reversed and remanded the judgment of the trial court on the ground that the trial court had erred in instructing the jury that mutual mistake need be established beyond a reasonable doubt. The district court determined that the proper test is clear and convincing evidence and that equity will reform the written instrument where mutual mistake has been established by clear and convincing evidence.
The use by the trial court of an instruction embodying both the "clear and convincing evidence" standard and the phrase "beyond a reasonable doubt" finds support in a number of cases in which it was stated that the burden was on the plaintiff to prove by "clear, convincing and satisfactory evidence" that a different contract was entered into than that which was *295 reduced to writing and that the plaintiff must satisfy the court of such mistake "beyond a reasonable doubt." Fidelity Phenix Fire Ins. Co. v. Hilliard, 65 Fla. 443, 62 So. 585 (1913); Rosenthal v. First Nat'l Fire Ins. Co., 74 Fla. 371, 77 So. 92 (1917); Crosby v. International Investment Co., 101 So.2d 15 (Fla.App.2d 1958); Old Colony Ins. Co. v. Trapani, 118 So.2d 850 (Fla.App.2d 1960). Upon re-examination of the rule set forth in those cases, we find it to be improper and confusing to the jury, and we therefore recede from it and overrule those cases to that extent.
There are three basic standards by which the sufficiency of evidence is weighed by fact-finders:
(1) the preponderance of the evidence (used in most civil actions) now called the "greater weight" of the evidence in approved Standard Jury Instructions,
(2) proof beyond and to the exclusion of a reasonable doubt (the state's burden in criminal cases), and
(3) proof by "clear, convincing and satisfactory evidence" (a burden intermediate between the other two, used in certain types of civil actions).
It is this third standard of proof which the district court of appeal held applicable to the instant case.
The trial court's instruction (however justifiable under the authorities before the trial judge) gave the jury two different standards of proof to apply, thus giving the jury contradictory instructions. This dual standard itself constitutes reversible error, irrespective of which standard correctly applies. Key West Electric Co. v. Albury, 91 Fla. 695, 109 So. 223 (1926); Florida East Coast Railway Co. v. Jones, 66 Fla. 51, 62 So. 898 (1913). An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached. Finch v. State, 116 Fla. 437, 156 So. 489 (1934).
Clearly an erroneous instruction concerning the burden of proof which the plaintiff must carry to recover may cause the jury to reach a conclusion which they might not have reached if correctly instructed. Here, for example, the jury may have felt that the plaintiff had proved his case as to reformation by clear, convincing and satisfactory evidence, but not beyond all reasonable doubt. In such circumstances, the instruction here given may have caused them to find against the plaintiff on this issue, rather than in his favor as (in this hypothetical) would be the result under a correct instruction. We conclude, therefore, that the instruction given may have misled the jury and is therefore reversible error.
The question then remaining is: What standard of proof is the proper one to apply? Since reformation is a well-established branch of equity jurisprudence,[1] it seems most appropriate to apply the test generally used in this type of equitable action, that of "clear and convincing evidence," rather than the "beyond a reasonable doubt" test erroneously applied by the trial court and which is the highest degree of proof, applicable to criminal matters. The higher degree of clear and convincing evidence is an exception to the usual civil burden of "the greater weight of the evidence."
We do not overlook that the higher "clear and convincing" test was "reduced" to the "greater weight" in fraud actions by Rigot v. Bucci, 245 So.2d 51 (Fla. 1971), but this was because of the merger of law and equity by the provision of FRCP 1.040 and the fact that fraud actions were cognizable prior to the effective date of that rule both in law and in equity. Reformation arises only in equity. Therein lies the *296 distinction. As now Chief Justice Adkins pointed out in the learned opinion in Rigot, neither law nor equity had exclusive jurisdiction of a case involving fraud, and hence there was no sound reason for a distinction between law and equity so far as the proof requisite to establish fraud is concerned.
Reformation, the issue sub judice, is exclusively within the jurisdiction of equity; thus the reasoning in Rigot aligning the proof for fraud in an equity action with that in law, is not applicable here. Contrast, for example, that at law, parol evidence is inadmissible to vary the terms of a valid unambiguous written instrument;[2] whereas the reformation in equity utilizes this very means. Accordingly, actions to reform an agreement, unlike the fraud action involved in Rigot, do not present a situation of conflicting standards of proof between law and equity which FRCP 1.040 compelled us to resolve in Rigot. Unlike the situation in fraud actions, we do not find ourselves compelled to choose between "greater weight of the evidence" and "clear and convincing evidence" as the applicable standard of proof in reformation actions in which the single standard of clear and convincing evidence has been consistently adhered to.
The right to jury trial is of course also preserved in equity on appropriate legal issues.[3] Generally, a jury trial in an equitable action is upon such legal issues as damages, after equitable issues have been tried to the Chancellor; however, there can be other issues triable by jury and apparently here the trial judge decided to submit the entire matter of the facts on reformation as well as damages to the jury. Some authorities state that submission of issues of fact to a jury in equity actions is within the sound discretion of the Chancellor.[4] Although the submission of reformation issues to the jury was assigned as error to the DCA, the propriety of submitting this equitable action to a jury was not reached by the district court and we do not rule upon it here.
The reformation issue in event of its determination by a jury nevertheless would remain equitable in nature so that our rationale herein, treating the matter of reformation as an equitable one, continues to apply in distinguishing Rigot with respect to FRCP 1.040 merging law and equity actions. The degree of proof for reformation by clear and convincing evidence applies whether the issue is settled by the court or a jury, for the proof is the same in either instance.
We accordingly hold that in suits for the reformation of a written contract the burden of proof which the plaintiff must sustain is that of clear and convincing evidence; the plaintiff need not prove his cause beyond a reasonable doubt in such cases. To the extent that they conflict with this rule, the cases initially cited for conflict in this opinion are overruled.
The decision of the District Court of Appeal, Fourth District, is accordingly
Affirmed.
ADKINS, C.J., and ERVIN, McCAIN and OVERTON, JJ., concur.
BOYD, J., concurs specially with opinion.
ROBERTS, J., dissents with opinion.
BOYD, Justice (concurring specially).
I concur in the result of the majority opinion in its affirmance of the District Court decision. I feel the trial court erred *297 in requiring proof beyond a reasonable doubt. In the interests of uniformity and speed in our judicial process, I feel we should adhere in all civil cases to the standard jury instruction which simply requires that the greater weight of evidence should control.
ROBERTS, Justice (dissenting).
I must respectfully dissent from the majority opinion and adhere to long established precedent as set out by this Court relative to burden of proof in reformation of insurance contracts.
In the case of Fidelity Phenix Fire Insurance Co. of New York v. Hilliard, 65 Fla. 443 at 446, 62 So. 585 at 586 (1913), this Court stated:
"It is equally well settled that an insurance policy as issued and accepted is prima facie the contract of the parties; and, in order to have it reformed, the burden is on the plaintiff to show that a different contract was entered into from that which was reduced to writing, and this fact must be proved by clear, convincing, and satisfactory evidence, not alone by a preponderance of the evidence, but he must establish the fact by such evidence as to show conclusively that a mistake had been made and to satisfy the court of such mistake beyond a reasonable doubt. 16 Am. & Eng. Ency. of Law, pp. 869 and 879, and numerous citations; Knight, Norman & Co. v. J.C. Turner Cypress Lumber Co., 55 Fla. 690, 45 So. 1016; Indian River Mfg. Co. v. Wooten, 55 Fla. 745, 46 So. 185; Prior v. Davis, 58 Fla. 510, 50 So. 535."
This Court in Rosenthal v. First National Fire Insurance Co. of United States, 74 Fla. 371, 77 So. 92 (1917), declared:
"In reforming a policy of insurance, like that of any other written contract, the want of conformity to the agreement of the parties must be occasioned by a mistake which is mutual and common to both parties to the instrument. A mistake on one side may be a ground for rescinding, but not for reforming, the contract; where the minds of the parties have not met, there is no contract, and hence none to be rectified. It is also well settled that an insurance policy as issued and accepted is prima facie the contract of the parties; and, in order to have it reformed, the burden is on the plaintiff to show that a different contract was entered into from that which was reduced to writing, and this fact must be proved by clear, convincing, and satisfactory evidence, not alone by a preponderance of the evidence, but he must establish the fact by such evidence as to show conclusively that a mistake had been made, that such mistake was mutual to both parties, and to satisfy the court of such mistake beyond a reasonable doubt. Fidelity Phenix Fire Ins. Co. of New York v. Hilliard, 65 Fla. 443, 62 South. 585; Bexley v. High Springs Bank, 73 Fla. 422, 74 South. 494."
See Crosby v. International Investment Co., 101 So.2d 15 (Fla.App. 1958); Old Colony Insurance Co. v. Trapani, 118 So.2d 850 (Fla.App. 1960). Cf. Goodstone v. Shamblen, 141 So.2d 8 (Fla.App. 1962).
The District Court in reversing the trial court cited, inter alia, as authority therefor the decision of Coastal States Life Insurance Co. v. Raphael, 183 So.2d 274 (Fla. App. 1966). Therein, the Third District Court of Appeal in discussing the necessary burden of proof in reformation of insurance contracts cited Old Colony Insurance Co. v. Trapani, supra. In Old Colony, the court set out as the appropriate burden of proof in such cases the above quoted test enunciated by this Court in Fidelity Phenix Fire Insurance Co. of New York v. Hilliard, supra.
It is well established that generally in civil cases a "preponderance of the evidence"  "or the greater weight of the evidence"  satisfies the burden of proof. However, in some civil cases, such as the *298 one presently before us, more than "a greater weight of the evidence is required."
In these cases requiring a greater burden of proof such as reformation of contract cases, the burden required has been described as "clear, convincing and satisfactory evidence not alone by a preponderance of the evidence," "evidence to show conclusively that a mistake had been made and to satisfy the court of such mistake beyond a reasonable doubt," Bell Corporation v. Bahama Bar & Restaurant, Inc., 74 So.2d 292 (Fla. 1954); Fidelity Phenix Fire Insurance Co. of New York v. Hilliard, supra; Rosenthal v. First National Fire Insurance Co. of United States, supra. In civil cases involving reformation of insurance contracts requiring this greater burden of proof, clear and convincing has been synonymized or used in conjunction with beyond a reasonable doubt. The use of this terminology in civil cases does not establish such a degree of proof as is necessary to prove guilt in criminal prosecutions. Relative to the distinction between the use of "beyond a reasonable doubt" in civil cases as opposed to criminal cases wherein it is required that guilt be proven beyond a reasonable doubt, I find and concur with the following excerpt from 30 AmJur.2d Evidence § 1168 at p. 347:
"Again, more recent cases have stated that proof, to warrant reformation of a written instrument, must be clear, convincing, satisfactory, and free from reasonable doubt. Similarly, in suits charging infringement of patents, it is stated that oral proof of anticipation of a patent must be `clear, satisfactory, and beyond a reasonable doubt,' or by evidence `so cogent as to leave no reasonable doubt in the mind of the court.' These would seen to be only variations of the rule requiring clear and convincing evidence in such cases. Likewise, a contract will not be avoided upon the ground that it is contrary to law or sound morals, unless it is made to appear clearly  that is, beyond reasonable controversy  to be so." (e.s.)
Accordingly, for the aforegoing reasons, I would quash the decision of the District Court and remand the cause for further proceedings not inconsistent herewith.
NOTES
[1] Spear v. MacDonald, 67 So.2d 630 (Fla. 1953)
[2] Id.
[3] Emery v. International Glass & Mfg. Inc., 249 So.2d 496 (Fla.App.2d 1971); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla.App.2d 1970).
[4] Berg v. New York Life Ins. Co., 88 So.2d 915 (Fla. 1956); Sanitary Linen Service Co. v. Executive Uniform Rental, Inc., 270 So.2d 432 (Fla.App.3d 1972); St. Sophia Greek Orthodox Community v. Vamvaks, 213 So.2d 313 (Fla.App.3d 1968).