PER CURIAM.
Michael Gorchov appealed a judgment of the circuit court providing for his involuntary hospitalization upon the ground that he is mentally ill. Two points were presented on the appeal. The first point urged that Section 394.467, Florida Statutes (1975), was unconstitutional as vague and overbroad and in violation of the due process clause of the United States Constitution and the Constitution of the State of Florida. The second point urged that the trial court erred in failing to apply the “beyond a reasonable doubt” standard of proof in the involuntary hospitalization hearing. The appeal was, on the motion of the appellant, transferred to the Supreme Court of Florida as one being within the jurisdiction of that court. The cause was reserved for disposition of the constitutional issue by the Supreme Court with several other appeals which also challenged the constitutionality of the cited section. Thereafter, the appeal was transferred to this court by an order which provided in part as follows:
“The constitutional issues having been resolved in our recent opinion In Re: Preer Beverly, Case No. 47,747, opinion filed January 27, 1977 [342 So.2d 481], it appears that the only substantial issue involved is within the jurisdiction of the District Court of Appeal, Third District; . . "
‡ $ sf: ‡ , ‡ $
We have proceeded thereupon to examine the second point presented. We find that this point has also been disposed of by the Supreme Court in the above cited opinion, In Re Beverly, 342 So.2d 481 (Fla.1977), wherein it is held:
“We agree with the New Mexico court and hold that the standard of proof to be applied in civil commitment proceeding is ‘clear and convincing evidence,’ which shall be applied in this and all future civil commitment proceeding. This standard of proof was defined and described in Allstate Insurance Co. v. Vanater, 297 So.2d 293 (Fla.1974).”
The constitutional issue having been determined and our examination of the record *117 and briefs showing that the trial court properly applied the “clear and convincing evidence” standard, the judgment is thereupon affirmed.
Affirmed.