396 So.2d 1174 (1981)
Robert C. MALT, Appellant, Cross/Appellee,
v.
R. J. MUELLER ENTERPRISES, INC., a Florida Corporation, Appellee, Cross/Appellant.
No. 79-295.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
*1175 Timothy W. Gaskill of DeSantis, Cook, Meehan, Cohen, Gaskill & Silverman, P.A., North Palm Beach, for appellant, cross/appellee.
Linda F. Albritton, Law Office of Haines & Rossow, P.A., North Palm Beach, for appellee, cross/appellant.
BERANEK, Judge.
This is an appeal and cross appeal from the final judgment entered by the Circuit Court in a landlord/tenant controversy. There were two basic claims before the trial court. The landlord sued for eviction of the tenant and the tenant counterclaimed for reformation of the lease and damages growing out of the landlord's alleged breaches of the main lease and a further sublease. The trial court found for the tenant, reformed the lease and granted damages and attorney's fees to the tenant. On appeal the landlord asserts the trial court erred in failing to evict the tenant and in granting reformation of the lease based upon the theory of mutual mistake. On cross appeal the tenant contends that the court awarded inadequate damages on the counterclaim for the breach of the sublease and for overpayments made on the main lease. The tenant also contends that the trial court awarded inadequate attorney's fees. We affirm.
The building in question was a warehouse which the tenant (Mueller) rented for $38,500 per year. At the same time a sublease was agreed to whereby the landlord (Malt) was to sublease from the tenant (Mueller) 2,000 square feet of the same building for $2,400 per year. The lease began in May, 1978, and suit was filed four months later in September. The landlord alleged nonpayment of rent and various other defaults including improper maintenance of the building, alterations of the building and failure to pay taxes. The tenant counterclaimed seeking a reduction in rent through reformation of the lease based upon the lessor's misrepresentations as to the size of the building or alternatively upon the theory of an alleged mutual mistake of fact between the parties. The tenant sought damages of $370.58 for overpayments of the rent paid on the main lease before reformation. The tenant also sought damages growing out of the sublease asserting that the landlord had used substantially more than the agreed 2,000 square feet and that no rent whatsoever had been paid under the sublease.
The case was tried on conflicting evidence and the trial court found for the tenant on most factual issues. The main *1176 areas of the controversy related to the theory of mutual mistake of fact. The trial court eventually adopted this theory in finding in favor of the tenant. The tenant asserted and the trial court found that rent on the building was to be $1.75 per square foot. The tenant claimed the landlord represented the building to be 22,000 square feet but that immediately upon taking possession, the tenant realized the building was smaller. As a result, the tenant requested reformation of the lease by reducing the rent payments to $1.75 per actual square footage occupied. The matter is further complicated by the counterclaim relating to the sublease. The tenant claimed landlord occupied more than the agreed upon 2,000 square feet and had paid no rent whatsoever. At trial it appeared that the actual square footage of the building was somewhere close to 19,640 square feet and that landlord/sublessee had occupied more than the agreed upon 2,000 square feet. The result was that the tenant had use of considerably less than 22,000 square feet.
The facts were complex and conflicting and after reviewing the briefs, transcript and evidence, we cannot say that the court erred in deciding these conflicts in favor of the tenant. LaCroix v. Higgins, 289 So.2d 743 (Fla. 4th DCA 1974).
The building here was leased to the tenant, who in turn leased a portion of it back to the lessor. There were conflicts about the size of the building which determined the amount of rent and about the space actually used by the owner under his sublease. From the beginning, both parties engaged in disputes over issues of space, adjustments, rent, acceptance of back rent, and other breaches. Under these circumstances, the landlord was not entitled to insist upon eviction by strictly applying the lease. The landlord accepted late rent payments from the tenant and was also found to be in substantial breach of the sublease. The landlord admitted never paying any rent on this sublease and the trial court could, thus, have properly considered those as equitable defenses to eviction. See Palm Corporation v. 183rd Street Theater Corporation, 344 So.2d 252 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 516 (Fla. 1978). We conclude that the trial court did not err in refusing the landlord's request for eviction.
As to the reformation issue, we also find no demonstration of error. A court will reform a contract if it fails to express the parties' intentions because of fraud, mutual mistake, accident or inequitable conduct. Hardaway Timber Company v. Hansford, 245 So.2d 911 (Fla. 1st DCA 1971). Here, the tenant offered clear and convincing evidence of a mutual mistake, the size of the building, and the trial court properly reformed the contract. Vanater v. Allstate Insurance Company, 279 So.2d 40 (Fla. 4th DCA 1973), aff'd 297 So.2d 293 (Fla. 1974).
On cross appeal the tenant asserts the finding of $1,600 for breach of the sublease was inadequate. The tenant also contends the court erred in failing to award approximately $370 in damages in overpayments on the main lease. Under the complex facts of this case, we conclude that the amount of these damages was in dispute and that the trial court did not err in the amounts actually awarded. We note that final judgment herein does not actually contain judgment on which execution could issue for these amounts but since the court entered final judgment on the other issues, we have accepted jurisdiction. The tenant also asserts that the trial court awarded an insufficient amount of attorney's fees but we find no error in this regard. The award of attorney's fees has not been demonstrated to have constituted an abuse of the trial court's discretion and it is therefore affirmed.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.